FILED ___ ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

JAN 19 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANDREW L. MEEKS, II,                )
                                    )
    Plaintiff,                     )
                                    )     3:10-cv-00558-RCJ-RAM
vs.                                 )
                                    )
STATE OF NEVADA et al.,             )     ORDER
                                    )
    Defendants.                    )
_____)

    Plaintiff Andrew Meeks is a prisoner at Ely State Prison ("ESP") in Ely, Nevada, a facility of the Nevada Department of Corrections ("NDOC"). Plaintiff filed the Amended Complaint ("AC") in state court, alleging two counts of due process violations under both the Fourteenth Amendment of the United States Constitution and Article I, Section 8 of the Nevada Constitution. Defendants removed, and Plaintiff has filed a Motion to Strike Petition for Removal (ECF No. 5), which is in substance a motion to remand. That motion alleges no lack of procedural defect in removal but only that there are no federal claims pled under 42 U.S.C. § 1983. Although Plaintiff does not directly cite § 1983 in the AC, he in fact bases his claims on alleged due process violations under both the federal and state constitutions, and his claims are therefore best characterized as § 1983 claims insofar as Fourteenth Amendment violations are alleged. The motion to remand is therefore denied.

I.     **FACTS AND PROCEDURAL HISTORY**

On January 20, 2010, Defendant Drugh Waggener, a senior corrections officer at ESP, found Plaintiff guilty of a major NDOC rules infraction after a disciplinary hearing at which he was the hearing officer. (AC 3, July 8, 2010, ECF No. 1-2). Plaintiff alleges Waggener failed to provide him with a written notice of charges prior to the hearing. (*See id.*). Plaintiff alleges no punitive result from the finding of guilt.

On February 20, 2010, Defendant Robert Sedlacek, a lieutenant corrections officer at ESP, found Plaintiff guilty of a major NDOC rules infraction after a disciplinary hearing at which he was the hearing officer. (*Id.* 4–5). Plaintiff alleges Sedlacek failed to provide him with a written notice of charges prior to the hearing and failed to postpone the hearing for twenty-four hours after the Plaintiff became apprised of the charges so that he could prepare a defense. Plaintiff alleges that the finding of guilt rendered him unable to obtain a transfer to a prison of lower security because of "points" added to his record. (*See id.* 5).[1]

Plaintiff sued Waggener and Sedlacek in their individual capacities, as well as the State of Nevada *ex rel.* NDOC. In the AC, Plaintiff asserts one count per incident and bases each count on both the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article I, Section 8 of the Nevada Constitution. (*See id.* 3–4).

II.     **LEGAL STANDARDS**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)–(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

---

[1] Presumably the January 20, 2010 finding also contributed to the accumulation of "points," although this is not specifically alleged.

2

699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff

1  must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Finally, all or part of a complaint filed by a prisoner may be dismissed sua sponte if the prisoner's claims lack an arguable basis in law or in fact. This includes claims based on legal conclusions that are untenable, e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations, e.g., fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III. ANALYSIS

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although the text of the Eleventh Amendment does not explicitly so indicate, it grants a state immunity from suit by its own citizens, as well. *Hans v. Louisiana*, 134 U.S. 1, 10 (1890). In a related analysis, but strictly independent of sovereign immunity, 42 U.S.C. § 1983 only permits suit against "persons." Neither a state nor its employees acting in their official capacities are "person[s]" who can be sued under § 1983, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989), but state employees sued in their

1 individual capacities are "persons" who can be sued under § 1983, *Hafer v. Melo*, 502 U.S. 21, 27
2 (1991). Furthermore, state employees sued in their individual capacities for injunctive relief or for
3 damages to be paid out of their private resources are not protected by a state's sovereign immunity.
4 *Edelman v. Jordan*, 415 U.S. 651, 664–65 (1974); *Ex parte Young*, 209 U.S. 123, 159–60 (1908).[2]
5      Nevada has explicitly declined to waive its Eleventh Amendment immunity. *See* Nev. Rev.
6 Stat. § 41.031(3). The Ninth Circuit has twice held that under this statute Nevada state entities
7 retain Eleventh Amendment protection from suit in federal court. *See Romano v. Bible*, 169 F.3d
8 1182, 1185 (9th Cir. 1999) (Nevada Gaming Control Board); *Austin v. State Indus. Ins. Sys.*, 939
9 F.2d 676, 678 (9th Cir. 1991) (State Industrial Insurance System). The Nevada Supreme Court has
10 also noted that state entities in Nevada are immune from suit in federal court under the Eleventh
11 Amendment. A Defendant waives its Eleventh Amendment immunity from suit, however, when it
12 removes a case to federal court. *Embury v. King*, 361 F.3d 562, 566 (9th Cir. 2004). NDOC
13 therefore is not protected by the Eleventh Amendment in this case. Still, neither the State of Nevada
14 nor NDOC are "persons" who can be sued under § 1983. Only Waggener and Sedlacek have been
15 properly named as Defendants on the federal claims.
16      The State of Nevada has waived its common law sovereign immunity, which is independent
17 of and predates Eleventh Amendment immunity. *See* Nev. Rev. Stat. § 41.031(1)–(2). Although
18 there appears to be no case law directly addressing whether a private right of action lies under state
19 law for a violation of the federal or state constitutions, there appears to be an implied cause of action
20 for such violations. *See* Nev. Rev. Stat. § 41.0334(2) and (2)(b) (providing that the exception to
21 waiver normally applicable where a plaintiff was engaged in certain criminal activity during the
22 underlying tort he complains of does not apply to actions arising out of federal or state constitutional

---

[2] A state official may be sued for damages to be paid out of his own resources, because this does not touch the state's revenue, *Edelman*, 415 U.S. at 665, and he may be sued in his individual (but not official) capacity for injunctive relief, because suing an official in his official capacity is an improper "attempt[] to make the state a party," *Ex parte Young*, 209 U.S. at 157, but "[a]n injunction to prevent him from doing that which he has no legal right to do [as an official] is not an interference with the discretion of an officer." *Id.* at 159.

1 violations). The Court therefore has supplemental jurisdiction to entertain the state constitutional claim as against all Defendants. *See* 28 U.S.C. § 1367(a).

### A. Fourteenth Amendment

In *Sandin v. Connor*, 515 U.S. 472, 487 (1995), the Supreme Court abandoned earlier case law which had held that states created protectable liberty interests by way of mandatory language in prison regulations. *Id*. Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. *Id*. In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484. Although a prisoner whose liberties are at stake must be given a written statement of the charges against him twenty-four hours before a disciplinary hearing, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), no due process claim lies where an alleged *Wolff* violation deprives the prisoner of no cognizable liberty interest, *Sandin*, 515 U.S. at 483–84.

In this case, Plaintiff does not even allege in conclusory fashion that the result of the two disciplinary hearings has led to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." He simply alleges that the additional "points" on his record make it impossible to obtain transfer to a prison where there are lesser restrictions on his liberty. He does not allege that his current conditions of incarceration are atypical for prison life or that any additional hardship has been imposed as a result of the findings of guilt at the hearings. Accordingly, Plaintiff's federal due process claim is dismissed.

### B. Article I, Section 8 of the Nevada Constitution

The Due Process Clause of the Nevada Constitution is nearly textually identical to the Due Process Clause of the Fourteenth Amendment. *Compare* U.S. Const. amend. XIV, § 1 ("nor shall any State deprive any person of life, liberty, or property, without due process of law . . . ."), *with* Nev. Const. art. I, § 8, cl. 5 ("No person shall be deprived of life, liberty, or property, without due process of law."). The only differences between the two clauses are grammatical, arising out of the

1  fact that the federal Due Process Clause is part of a list of prohibitions, whereas the state Due
2  Process Clause comprises its own numbered clause. On their faces, the clauses are substantively
3  identical.
4        Until 1868, when the Fourteenth Amendment was adopted, the Due Process Clause of the
5  Fifth Amendment did not apply to the states. *See Barron v. City of Baltimore*, 32 U.S. 243, 250–51
6  (1833) (Marshall, C.J.). The Declaration of Rights that comprises Article 1 of the Nevada
7  Constitution, which was adopted in 1864, was included in order to impose certain restrictions on the
8  State of Nevada that were already imposed against the federal government under the Bill of Rights,
9  and the Nevada Supreme Court has not interpreted the protections of the Declaration of Rights to
10 exceed the scope of their federal counterparts. Michael W. Bowers, *The Sagebrush State* 43–44 (3rd
11 ed., Univ. Nev. Press 2006); Michael W. Bowers, *The Nevada State Constitution* 24 (1993). During
12 the Nevada Constitutional Convention in 1864, the Due Process Clause of Article I was not debated,
13 although several other provisions of Article I, and even Section 8, were heavily debated. *See*
14 *generally*, Andrew J. Marsh, Official Report of the Debates and Proceedings of the Constitutional
15 Convention of the State of Nevada (Frank Eastman pr., 1866), *available at* http://books.google.com.
16 To the contrary, the Nevada Supreme Court has powerfully implied that rights under the federal and
17 state Due Process Clauses are coextensive. *See Summers v. Warden of State of Nev. Prison*, 440 P.2d
18 388, 389–90 (Nev. 1968) (denying a due process challenge made under both the federal and state
19 Due Process Clauses after analyzing the claim purely under federal due process jurisprudence).
20 Because there is no greater right to due process under the Nevada Constitution than under the
21 Fourteenth Amendment, Plaintiff's claims fail under the Nevada Constitution, as well.
22 ///
23 ///
24 ///
25 ///
26 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Strike Petition for Removal (ECF No. 5) is DENIED.

IT IS FURTHER ORDERED that the case is DISMISSED.

IT IS SO ORDERED.

Dated this 19th day of January, 2011.

_____
ROBERT C. JONES
United States District Judge